USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/2/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

Walter R. Boyd,
                  Plaintiff,

   -against-                             05 Civ. 6962(KMW)(THK)

City of New York Parks and              ORDER
Recreation,

                  Defendant.

------------------------------------x

WOOD, U.S.D.J.:

    Pro se Plaintiff Boyd ("Plaintiff") brings this employment discrimination action, pursuant to the Americans with Disabilities Act ("ADA"), alleging that Defendant New York City Department of Parks and Recreation ("Defendant") (1) failed to accommodate his disability; and (2) wrongfully terminated his employment.[1]

    Defendant moves for summary judgment, pursuant to Federal Rule of Civil Procedure 56, on the grounds that Plaintiff has failed to establish a prima facie case of disability discrimination because, inter alia, Plaintiff's condition did not render him "disabled" under the ADA. Although Plaintiff had notice of Defendant's motion, Plaintiff failed to respond.

---

[1] In his Amended Complaint as filed, Plaintiff also alleged race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C §§ 2000e to 2000e-17. Following a conference with the parties in which Plaintiff clarified that he did not intend to pursue his race discrimination claim, Magistrate Judge Katz ordered the Amended Complaint modified "to reflect Plaintiff's intention to only allege disability discrimination."

COPIES MAILED

In a June 30, 2008 report and recommendation ("Report"), familiarity with which is assumed, Magistrate Judge Katz finds that Plaintiff has failed to establish that he was disabled under the ADA, barring both his failure to accommodate claim and wrongful termination claim.[2]  Accordingly, the Report recommends that this Court GRANT Defendant's motion for summary judgment. No objections have been filed to the Report.

For the reasons discussed below, the Court adopts the Report in its entirety.  Accordingly, the Court GRANTS Defendant's motion for summary judgment.

I. Discussion

The Report informed the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), in conjunction with Federal Rule of Civil Procedure 6, they had ten days from service of the Report to file any objections.  The Report also informed the parties of their opportunity to request an extension of time to file such objections.  The Report explicitly cautioned that failure to file timely objections would preclude appellate review.  No objections have been filed to the Report, and the time to object has expired.

When no objections are filed to a magistrate judge's report and recommendation, a district court need only satisfy itself

---

[2] The Report also finds that Plaintiff has failed to rebut Defendant's proffered legitimate, non-discriminatory reason for disciplining and ultimately terminating Plaintiff.

2

that there is no "clear error on the face of the record" in order to accept the recommendation. Fed. R. Civ. P. 72(b) advisory committee's note; see also Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985). The Court has reviewed the Report and finds it to be well-reasoned and free of any clear error on the face of the record. The Court, therefore, accepts and adopts the Report.

As noted in the Report, the parties' failure to object to the Report also precludes appellate review of this Court's decision to adopt the Report. The Second Circuit has held that failure to timely object to a magistrate judge's report and recommendation operates as a waiver of appellate review of the district court's ultimate order. Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989). The Supreme Court has also upheld this practice, "at least when the parties receive clear notice of the consequences of their failure to object." Id. (citing Thomas v. Arn, 474 U.S. 140, 155 (1985)).

II. <u>Conclusion</u>

For the reasons discussed above, the Court adopts the Report in its entirety. Accordingly, the Court GRANTS Defendant's motion for summary judgment (D.E. 28). The Clerk of the Court is directed to close this case. Any pending motions are moot.

SO ORDERED.

DATED:   New York, New York
         December  /  , 2008

                                                  KIMBA M. WOOD
United States District Judge

4